UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | § § § | |
| Plaintiff, | § | CIVIL ACTION NO.  [] |
| vs. | § § | |
| TRANS OCEAN DISTRIBUTION, TRANS OCEAN BULK LOGISTICS, INC., and DOES 1-10, inclusive, | § § § | |
| Defendants. | | |

## COMPLAINT

COMES NOW Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC" OR "Plaintiff"), and as its Complaint and causes of action against Defendants TRANS OCEAN DISTRIBUTION ("TOD"), and TRANS OCEAN BULK LOGISTICS, INC. ("TOBLI") (collectively "Defendants") alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a maritime claim for breach of contract pursuant to an ocean contract of carriage, as well as equitable indemnification, contractual indemnification and contribution, related to the land and ocean carriage of cargo, which comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that all defendants reside within the judicial district of this Court.

## PARTIES

3. Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. is and was at all material times a foreign corporation duly organized under the laws of

Switzerland, with a principal place of business located at 12-14 Chermin Rieu CH-1208, Geneva, Switzerland.

4.  At all material times Defendant TRANS OCEAN DISTRIBUTION, was a corporation of unknown origin, with a principal place of business located at 3027 Marine Bay Drive, Suite 301, League City, Texas 77573.

5.  At all material times Defendant TRANS OCEAN BULK LOGISTICS, INC. was a corporation duly organized and existing under the laws of Delaware, with a principal place of business located at 3027 Marine Bay Drive, Suite 301, League City, Texas 77573.

6.  Plaintiff is informed, believes and thereon alleges, that at all material times, each of the Defendant Does 1 through 10 were responsible in some manner for the occurrences, losses and/or damages alleged in this Complaint. Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.

## FACTUAL BACKGROUND

7.  Plaintiff MSC was, at all material times, an ocean transportation common carrier doing business in the United States with authority from the Federal Maritime Commission ("the FMC").

8.  Defendant TOD, was at all material times, a logistics provider for the bulk liquid cargo industry.

9.  Defendant TOBLI, was at all material times, a logistics provider for non-hazardous liquid transportation.

10. On or about December 13, 2017 MSC was engaged by TOD to carry a cargo of cotton seed oil (the "Cargo") loaded in container no. TCKU3637502 ("the Container") pursuant to MSC's Booking Note No. 038NY0343560 dated December 13, 2017 ("the MSC Booking Note") from Memphis, Tennessee, United States to the Port of Pasir Gudang, Malaysia.

11. The MSC Booking Note expressly incorporated, and was subject to, MSC's standard Bill of Lading terms and conditions.

12. Plaintiff is informed, believes and thereon alleges, the Cargo was loaded into a flexi-bag inside the Container by TOD and/or TOBLI, who were the owner of the Cargo and/or agent of the owner and/or actual shipper of the Cargo (all of which fall within the definition of "Merchant" under MSC's standard Bill of Lading terms, as incorporated into the MSC Booking Note), prior to MSC taking possession of the Container.

13. Plaintiff is informed, believes and thereon alleges, the Container arrived at APM Terminals ("APMT") in the Port of Los Angeles in Los Angeles, California, on December 28, 2017.

14. Plaintiff is informed, believes and thereon alleges, on January 4, 2018, APMT discovered the Cargo was leaking from the Container, causing damage to the terminal and requiring a prompt response and clean-up.

15. Plaintiff is informed, believes and thereon alleges, APMT engaged Patriot Environmental Services of Long Beach, California to clean-up the leakage of Cargo from the Container and terminal, resulting in cost and expenses of US$20,014.86.

16. Plaintiff is informed, believes and thereon alleges, subsequent investigation by APMT and/or its agents revealed that the flexi-bag used by the TOC and/or TOBLI and/or their agents, sustained a pin-hole sized tear at some stage while it was either being installed and/or filled with the Cargo.

17. On or about January 5, 2018 MSC was notified by APMT of the Cargo leaking from the Container and subsequent clean-up costs and expenses.

18. On or about March 28, 2018 MSC received a claim for US$20,014.86 from APMT for the costs and expenses of the clean-up of the Cargo.

19. Pursuant to the terminal services agreement between MSC and APMT, in or about September 2018 MSC paid US$20,014.86 to APMT in settlement of APMT's claim for the clean-up costs and expenses.

20. On February 19, 2019, MSC through its attorneyd submitted a demand for reimbursement of the US$20,014.86 paid to APMT to TOD and TOBLI.

21. To date, TOD and TOBLI have not responded to the demand.

## FIRST CAUSE OF ACTION

(Equitable Indemnification)

22. MSC realleges and incorporates by reference paragraphs 1 through 21 inclusive of its Complaint.

23. MSC is in no way responsible for the losses or damages which APMT sought from MSC. Rather it was the acts, omissions, fault, negligence, misconduct or actionable activity of Defendants TOC and/or TOBLI which caused APMT's losses or damages which APMT sought from MSC being the costs and expenses incurred from the clean-up of the terminal and Container from the leaking Cargo.

24. As APMT obtained from MSC the amount of US$20,014.86, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOC and/or TOBLI as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of MSC, if any, was at most only passive, derivative, and secondary.

25. Accordingly, MSC is entitled to total or partial indemnification from Defendants TOC and/or TOBLI such that MSC can recoup from and be reimbursed by Defendants TOC and/or TOBLI all sums that MSC paid to APMT, being any sum in excess of MSC's proportionate share of liability, if any.

26. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOC and/or TOBLI as described herein, MSC has incurred and paid expenses for its response to APMT's claim including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorneys' fees, expenses and damages throughout the pendency of this action.

27. Based on the foregoing, MSC is entitled to be indemnified and held harmless by Defendants TOC and/or TOBLI for MSC's attorneys' fees, expenses, and damages that MSC has paid or incurred as direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOC and/or TOBLI as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## SECOND CAUSE OF ACTION

(Contractual Indemnification)

28. MSC realleges and incorporates by reference paragraphs 1 through 27 inclusive of its Complaint.

29. Pursuant to Clause 13 of MSC's standard Bill of Lading terms, as incorporated into the MSC Booking Note, MSC and/or is servants and agents were entitled to inspect and/or take any measures in relation to the Container or the Cargo inside, without notice to the Merchant, and to otherwise incur reasonable additional expenses to carry or continue to carry the Cargo. In such circumstances, the Merchant shall indemnify MSC against any such additional expenses so incurred.

30. Pursuant to Clauses 11.2 (a) and 11.4 of MSC's standard Bill of Lading terms, as incorporated into the MSC Booking Note, the Merchant is obligated to indemnify MSC for any additional expenses incurred by reason of the their breach of warranty arising from the defective manner in which they stuffed and/or secured the Cargo inside the Container.

31. MSC incurred additional expenses as described herein in the amount of US$20,014.86 and is entitled to indemnification from TOD and/or TOBLI for those additional expenses.

32. As discussed herein, the leakage of the Cargo was caused by TOD and/or TOBLI's defective loading of the Cargo into the Container, resulting in the damages and

losses incurred by APMT, and subsequently MSC. As such, MSC is entitled to indemnification from TOD and/or TOBLI for that breach.

33. By breaching the terms of the MSC Booking Note, MSC is entitled to total contractual indemnification from Defendants TOD and/or TOBLI so that MSC can recoup from and be reimbursed by Defendants TOD and/or TOBLI all sums that MSC paid to APMT.

34. As APMT obtained damages from MSC totaling US$20,014.86, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOD and TOBLI as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of MSC, if any, was a most only passive, derivative, and secondary.

35. As a direct, legal and proximate result of Defendants TOD's and/or TOBLI's breach of the terms of the MSC Booking Note, MSC has incurred and paid expenses for its defense of APMT's claim including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorneys' fees, expenses, and damages throughout the pendency of this action.

36. Based on the foregoing, MSC is entitled to be indemnified and held harmless by Defendants TOD and/or TOBLI for MSC's attorneys' fees, expenses, and damages that MSC has paid or incurred. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## THIRD CAUSE OF ACTION

(Contribution)

37. MSC realleges and incorporates by reference paragraphs 1 through 36 inclusive of its Complaint.

38. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which APMT seeks reimbursement from MSC.

Rather MSC is informed and believes, and thereon alleges, that it was the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOD and/or TOBLI which caused the losses or damages which APMT seeks reimbursement from MSC being the costs and expenses incurred from the clean-up of the terminal and container from the leaking Cargo.

39. As APMT obtained damages from MSC totaling US$20,014.86, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOD and/or TOBLI was a substantial factor in causing the losses or damages which APMT recovered from MSC.

40. Based on the foregoing allegations, MSC will be damaged to the extent that it must pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

41. Accordingly, MSC is entitled to contribution from Defendants TOD and/or TOBLI in proportion to their share of liability, so that MSC can recoup from and be reimbursed by Defendants TOD and/or TOBLI all sums that MSC paid or will pay to APMT, being any sum in excess of MSC's proportionate share of liability, if any.

42. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOD and/or TOBLI as described herein, MSC has incurred and paid expenses for its defense of APMT's claim including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorneys' fees, expenses, and damages throughout the pendency of this action.

43. Based on the foregoing, MSC is entitled to contribution from Defendants TOD and/or TOBLI for MSC's attorneys' fees, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants TOD and/or TOBLI as described herein. The above expenses are continuing and in an amount presently unknown to MSC.

Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## PRAYER FOR RELIEF

WHEREFORE, MSC prays for judgment on its Complaint as follows:

1. For equitable indemnity from Defendants TOD and/or TOBLI for all costs, fees, expenses, liability and damages MSC is required to pay APMT (comprised of US$20,014.86), and all costs and legal fees that MSC incurs or has incurred, in excess of MSC's proportionate share of liability, if any;

2. For contractual liability from Defendants TOD and/or TOBLI for all costs, fees, expenses, liability and damages MSC is required to pay APMT (comprised of US$20,014.86), and all costs and legal fees that MSC incurs or has incurred in this action;

3. For contribution from Defendants TOD and/or TOBLI for all costs, fees, expenses, liability and damages MSC is required to pay APMT (comprised of US$20,014.86), and all costs and legal fees that MSC incurs or has incurred, in excess of MSC's proportionate share of liability, if any;

4. For prejudgment interest as permitted by law;

5. For all costs of suit herein as permitted by law;

6. For reasonable attorneys' fees incurred as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

Dated: May 29, 2020

*/s/ Kirstie M. Simmerman*
**KIRSTIE M. SIMMERMAN**, Attorney-in-Charge
Texas Bar No. 24083858
SD TX I.D. No. 2898137
2200 Ross Avenue, Suite 3700
Dallas, TX 75201
Tele: (214) 231-4767/Fax: (214) 461-4053
**ATTORNEYS FOR PLAINTIFF
MSC MEDITERRANEAN SHIPPING COMPANY S.A.**